United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10772
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MIGUEL CARLOS GARCIA,
also known as El Patito,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-168-10
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Miguel Carlos Garcia appeals his 70-month prison sentence

for his guilty-plea conviction of conspiracy to distribute

cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

     Garcia argues that the district court clearly erred in

approximating that, for guideline purposes, he was responsible

for five kilograms of cocaine.  A sentence imposed in the advent

of United States v. Booker, 543 U.S. 220 (2005), will generally

be affirmed if it is "reasonable."  United States v. Mares, 402

F.3d 511, 517-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After Booker, we still review the district court's application of the Guidelines de novo and factual findings for clear error. See United States v. Villegas, 404 F.3de 355, 359 (5th Cir. 2005); United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

"Where there is no drug seizure . . ., the [district] court shall approximate the quantity of the controlled substance" attributable to the defendant. U.S.S.G. § 2D1.1, comment. (n.12). In Garcia's case, the Factual Resume for his plea agreement and the information contained in his Presentence Report (PSR) supported the district court's determination that Garcia was responsible for five kilograms of cocaine. The PSR reflected that other members of the conspiracy often transported even larger quantities of cocaine than five kilograms. Moreover, Garcia and coconspirator Leopoldo Torres-Diaz went to great lengths to arrange for Garcia to drive a load of cocaine from Mexico into this country: Torres-Diaz made several telephone calls to his supplier in Mexico, traveled from the Dallas area to the Houston area to meet personally with Garcia, arranged for Garcia to travel to California to pick up a BMW sedan to use as the load vehicle, and had Garcia drive the BMW for more than a day back to Texas in order to pick up a cocaine shipment arriving from Mexico. This process took nine days, during which Torres-Diaz was apparently paying all of Garcia's expenses. Although this shipment failed, the district court did not clearly err in determining that these elaborate and expensive plans were unlikely to involve less than a multi-kilogram quantity of

cocaine.  <u>United States v. Torres</u>, 114 F.3d 520, 527 (5th Cir. 1997).

The conviction and sentence are AFFIRMED.